The Honorable Sue Madison State Representative 573 Rock Cliff Road Fayetteville, Arkansas 72701
Dear Representative Madison:
This is in response to your request for an opinion updating a previously issued Attorney General's opinion that determines a "reasonable amount" that state agencies may charge for copying documents requested under the "Arkansas Freedom of Information Act" or "FOIA," codified at A.C.A. §25-19-101 to -107 (1987 and Supp. 1995). You have also requested that I inform you of any separate statutes (separate from the FOIA) setting specific amounts to be charged for copies provided by state agencies.
I have enclosed for your review a copy of Op. Att'y Gen. 94-282, in which I recently addressed this question. It was noted therein that the FOIA itself does not address the issue of fees or charges for providing copies of public documents. The act is simply silent on this question. It may be reasonably concluded, however, based upon some unpublished decisions of the Arkansas Supreme Court, that the FOIA does not itself require agencies to provide copies free of charge to the public. See, e.g.,Williams v. State (No. CR 93-394, 1993) (1993 Westlaw 286456); andAndrews v. State (No. CR 92-18, 1992) (1992 Westlaw 69982). Thus, it appears that some fee is chargeable for copies provided under the act. A question then arises as to any restrictions or parameters on the amount of the fee.
I have recently opined that fees charged for copies provided under the FOIA must be "reasonably related" to the actual costs of producing the copies. See Op. Att'y Gen. 94-282. See also Op. Att'y Gen. 95-031. Butsee Ops. Att'y Gen. 90-261; 90-095; 89-69; and 88-354 (stating that the fees are not to exceed actual costs). The "reasonableness" test is in accord with the holdings of courts of other jurisdictions, although apparently some jurisdictions hold that only actual costs may be charged.See generally, 76 C.J.S. Records § 128. The reasonableness of the fee in a particular instance will require an analysis of the particular factors producing the cost incurred, but it has previously been opined that an agency must be prepared to justify the costs assessed, if challenged.See Op. Att'y Gen. 90-095. I noted in Op. Att'y Gen. 94-282 that a former Attorney General Opinion (No. 87-481), concluded, as had at least one circuit court, that a twenty-five cents a page fee was not unreasonable. I do not disagree with that conclusion, but of course, the factors comprising the fee would have to be analyzed in order to come to a definitive conclusion as regards a particular charge. It is clear, however, that an agency may not charge a fee for the time spent in retrieving the records. See Ops. Att'y Gen. 95-031; 94-282; 90-261; 90-095; 89-069; and 88-354.
In response to the second part of your question regarding any separate statutory authorization to charge fees for copying public records, my research has disclosed the following specific provisions: 1) A.C.A. §27-53-210 (Repl. 1994) (authorizing the Arkansas State Police to charge ten dollars for each basic accident report maintained by that agency and one dollar and fifty cents per page for each copy of supplemental reports); A.C.A. § 21-6-202 (Supp. 1995) (authorizing the Secretary of State to charge eighty cents per page for copies of records and to charge a one dollar an hour fee for the time required to make copies of maps, profiles, and files of a similar nature); A.C.A. § 16-46-106 (authorizing the provider of medical records to charge, excluding x-rays, one dollar per page for the first five pages and twenty-five cents per page for each additional page, except the minimum charge shall be five dollars, and authorizing a reasonable retrieval fee for stored records); A.C.A. §20-18-306 and § 20-7-123 (Supp. 1995) (authorizing the Department of Health, Division of Vital Statistics, to charge various amounts for the records it maintains); A.C.A. § 7-5-105 (authorizing the county clerk to charge a fee for the reproduction of voter registration lists that will reimburse the county for reproduction expenses, but disallowing the value of office equipment previously secured for the office as a consideration in determining the fee); A.C.A. § 7-5-109 (Supp. 1995) (setting the fee for the provision of computerized lists of registered voters by the county clerk at either ten, twenty-five, or fifty dollars, depending upon the population or number of voters on the list); and A.C.A. § 28-66-116
(providing that no fee is chargeable for any records necessary in making a determination as to whether a veteran is entitled to any veterans benefits).
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:ECW/cyh